# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER CROSS,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | No. 24-4092-KHV |
| ) | |
| **CITY OF TOPEKA, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On June 11, 2025, the Court granted plaintiff until June 18, 2025 to file a motion for leave to file a second amended complaint which pleads only a retaliation claim. Order (Doc. #30). This matter is now before the Court on Plaintiff's Motion And Memorandum In Support For Leave To Amend Complaint (Doc. #31) filed June 18, 2025. For reasons set forth below, the Court sustains plaintiff's motion.

Rule 15(a), Fed. R. Civ. P., allows a party to amend her pleading with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Court should freely grant leave when justice so requires. Id. The Court may deny a motion to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Hasan v. AIG Prop. Cas. Co., 935 F.3d 1092, 1101–02 (10th Cir. 2019) (brackets omitted).

On July 1, 2025, defendant filed a two-page response to plaintiff's motion, conclusively asserting that "[t]he proposed amended complaint does not satisfy *Iqbal* and *Twombly* on the issues of establishing an adverse action or causal relationship between protected activity and any adverse

action." Response In Opposition Of Motion And Memorandum In Support For Leave To Amend Complaint (Doc. #32) at 1. If the Court grants the motion for leave, defendant states that it will elaborate if necessary. Id. at 1–2.

The Court construes defendant's response as alleging futility of the amendment. A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1288 (10th Cir. 2008). In analyzing futility, the Court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016). Defendant bears the burden to establish futility. Prairie Band Potawatomi Nation v. Morse, No. 24-4066-KHV-RES, 2025 WL 823246, at *2 (D. Kan. Mar. 14, 2025).

On the present record, defendant has not met its burden of establishing that plaintiff's proposed amendment is futile—which is "a high bar." Id. at *4. The Court has reviewed plaintiff's proposed second amended complaint and finds that it contains additional factual allegations to support plaintiff's retaliation claim. Because "[a]dding factual allegations to support an existing claim to bolster the claim will rarely render the claim futile," the Court sustains plaintiff's motion for leave to amend her complaint. Russell v. Kiewit Energy Grp., Inc., No. 18-2144-KHV-JPO, 2020 WL 1547832, at *2 (D. Kan. Apr. 1, 2020).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion And Memorandum In Support For Leave To Amend Complaint (Doc. #31) filed June 18, 2025 is **SUSTAINED.**

Dated this 17th day of July, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge