**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JENNIFER CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 24-4092-KHV |
| | ) | |
| CITY OF TOPEKA, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 2, 2026, in support of its Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #87), defendant filed provisionally under seal the Affidavit Of Alicia Guerrero-Chavez along with 12 attachments (Doc. #88) and Plaintiff's Responses To Defendant's First Request For Production of Documents To The Plaintiff, Jennifer Cross (Doc. #88-1). On March 5, 2026, the Court directed the parties to show good cause in writing why the Court should not immediately unseal the provisionally sealed documents. Order To Show Cause (Doc. #90) at 2. Defendant timely responded and seeks to redact from Alicia Guerrero-Chavez's affidavit and attached exhibits the names of two non-party employees. Defendant's Response To Order To Show Cause Dated March 9, 2026 (Doc. #91). Plaintiff did not respond. For reasons stated below, the Court overrules defendant's request.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court

weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

As noted, Defendant seeks to redact from Guerrero-Chavez's affidavit and attached exhibits the names of two non-party employees. Defendant's Response To Order To Show Cause Dated March 9, 2026 (Doc. #91) at 1. In the alternative, defendant requests permission to identify the employees by using their initials or a number. Id. Defendant explains that the purpose of the redactions is to "balance the public's interest in understanding disputes in a public forum" while not violating the confidentiality agreements with non-party employees concerning disciplinary matters. Id. at 1–2.

Defendant relies on confidentiality agreements with two non-party employees, but it has not submitted the agreements. The Court therefore cannot balance whether the interests in maintaining confidentiality of the agreements outweighs the public interest in access to the information. Defendant has not offered any other justification for redacting the employee names. On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records that inform the Court's decision-making

process.  See Colony Ins., 698 F.3d at 1241.  Therefore, the Court overrules defendant's request to redact the names of two non-party employees or to identify the employees using initials or numbers.

Because neither party seeks to seal or redact Plaintiff's Responses to Defendant's First Request For Production of Documents To The Plaintiff, Jennifer Cross (Doc. #88-1), the Court directs the Clerk to unseal that document.

**IT IS THEREFORE ORDERED** that defendant's request to redact the names of two non-party employees, or in the alternative, to use initials or numbers to identify the employees is **OVERRULED**.  **The Court directs the Clerk to unseal the following provisionally sealed documents: Affidavit Of Alicia Guerrero-Chavez and the 12 attachments to the affidavit (Doc. #88) and Plaintiff's Responses To Defendant's First Request For Production of Documents To The Plaintiff, Jennifer Cross (Doc. #88-1), both filed March 2, 2026**.

Dated this 16th day of March, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge