**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JENNIFER CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 24-4092-KHV |
| | ) | |
| CITY OF TOPEKA, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion And Memorandum In Support Of Defendant's Motion In Limine (Doc. #107) and Plaintiff's Motion In Limine (Doc. #108), both filed April 13, 2026.  For reasons stated below, the Court sustains both motions in part.

**Defendant's Motion In Limine (Doc. #107)**

**A.    Acts Of Retaliation Or Discrimination That Occurred Before November 9, 2023**

Defendant moves to exclude acts of retaliation or discrimination that occurred before November 9, 2023, the date when plaintiff alleges that retaliation began.  Plaintiff counters that evidence of retaliation or discrimination pre-dating November 9, 2023 is admissible to provide context, background and evidence of defendant's motive and intent.  See Plaintiff's Response In Opposition To Defendant's Motion In Limine (Doc. #119) filed April 20, 2026 at 1–2.

In plaintiff's EEOC charge filed March 7, 2024, plaintiff alleged the "retaliation" and "hostile work environment" took place between November 9, 2023 and March 6, 2024.  In the factual statement in support of her EEOC charge, plaintiff noted that in January of 2023 she filed a sex discrimination lawsuit against the City of Topeka and Police Chief Bryan Wheeles.  Plaintiff further reported that after her attorney took depositions of Wheeles and Deputy Chief Haltom, an

investigator with the City's legal department began an investigation based on Lt. Connell's complaint that plaintiff had bullied her.  The balance of the factual statement alleges retaliation in the investigation and the grievance process.

Defendant does not identify which pre-November 9, 2023 acts of retaliation or discrimination it seeks to exclude.  Presumably, defendant includes evidence about plaintiff's lackluster offer of promotion and promotional ceremony and Wheeles assigning her as dispatch liaison, which she describes as undesirable.  Evidence of retaliation that pre-dates November 9, 2023 is admissible to provide context, background and evidence of defendant's motive and intent. See Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003) (employee may use prior acts of retaliation that occurred after judicial complaint as background evidence in support of timely claim); cf. Plotke v. White, 405 F.3d 1092, 1106–07 (10th Cir. 2005) (acts outside limitations period probative of discriminatory intent); Noland v. McAdoo, 39 F.3d 269, 271–72 (10th Cir. 1994) (prior events not independently actionable may provide relevant circumstantial evidence to explain later, actionable events).

In the Court's recent order overruling defendant's motion for summary judgment, the Court noted that plaintiff alleges a single claim of retaliation based on a series of retaliatory acts, which "taken together, led to disadvantageous employment conditions for Cross that collectively created a hostile work environment."  Memorandum And Order (Doc. #124) filed April 27, 2026 at 8 (quoting Pretrial Order (Doc. #85) at 10).  See also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115  (2002) (hostile work environment claim is exception to general rule rejecting the continuing violation theory).  Because plaintiff's EEOC charge identified November 9, 2023 as the start date of her retaliation claim and she so testified in her deposition, she is bound by that start date for purposes of damages.  This does not preclude her, however, from introducing

evidence of earlier acts of retaliation.

Defendant identifies no discrete acts of discrimination that pre-date November 9, 2023 and provides no argument or legal support for its request to exclude all references to acts of discrimination that occurred before November 9, 2023.  Presumably, defendant is referring to the allegations of sex discrimination which plaintiff raised in her first lawsuit.  Plaintiff will not be permitted to resurrect sex discrimination claims in this case.  The probative value of evidence relating to sex discrimination is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury.  Fed. R. Evid. 403.  Plaintiff will be permitted to provide limited evidence about her prior lawsuit and the claims in that case, however, to establish the first element of her retaliation claim—that she engaged in protected opposition to discrimination.

**B.     References To Acts Or Claims That Occurred Before May 12, 2023**

Defendant argues that references to acts or claims that pre-date May 12, 2023 (300 days before plaintiff filed her EEOC charge) should be excluded as untimely and irrelevant.  Again, defendant identifies no specific acts or claims that it seeks to exclude.  While acts or events outside the 300-day window are not actionable for purposes of damages, as discussed above, evidence of retaliation that pre-dates May 12, 2023 is admissible to provide context, background and evidence of defendant's retaliatory motive and intent.  Cf. EEOC v. BCI Coca-Cola Bottling Co. of L.A., 450 F.3d 476, 489–90 (10th Cir. 2006) (to be admissible, anecdotal evidence that supports plaintiff's discrimination claim need not be sufficient to establish actionable claim of discrimination); Fassbender v. Correct Care Sols., LLC, 890 F.3d 875, 885 (10th Cir. 2018) (anecdotal evidence of discrimination should only be admitted if it "can somehow be tied to the employment actions disputed in the case at hand").

As for relevance, defendant does not provide the Court with any specific acts or claims which it argues are irrelevant under Fed. R. Evid. 401. The Court cannot decide matters in a vacuum. The Court overrules defendant's motion to exclude any and all acts of retaliation that pre-date May 12, 2023. At trial, defendant can object to specific evidence on grounds of relevance.

## C.  All Claims Plaintiff Did Not Raise In Her EEOC Charge

Defendant argues that the Court should exclude any contentions plaintiff did not raise in her EEOC charge. Defendant specifically seeks to exclude (1) plaintiff's assignment to an undesirable job shortly after her promotion; (2) plaintiff experiencing marginalization and exclusion from district-wide meetings; (3) plaintiff's subordinates being allowed to disregard her commands; (4) other captains ignoring her input; (5) claims against individuals not mentioned in EEOC charge; (6) a vague reference to a training incident in July of 2022 involving an individual's failure to act and (7) claims that plaintiff's reputation and credibility were undermined. Defendant argues that references to these incidents violate Fed. R. Evid. 401 and 402.

For many of the same reasons discussed above, the Court overrules defendant's motion. While not all of plaintiff's evidence will be actionable for purposes of damages, the acts and incidents identified by defendant are relevant to plaintiff's retaliatory harassment claim, which is based on a series of retaliatory acts. Defendant does not argue, under Fed. R. Evid. 403, that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. The jury will decide whether these events constitute retaliation or make more likely than not plaintiff's claims of retaliatory harassment that fall within the timeframe of November 9, 2023 through March 4, 2024.

## D.  Any Acts Adjudicated As Not Discrimination In The Prior Lawsuit

Defendant asks the Court to exclude all acts and events that were previously litigated and

determined by a valid and final judgment to not be discrimination in plaintiff's previous lawsuit. Defendant only specifically mentions evidence concerning Cross' promotion ceremony in March of 2023.  Plaintiff argues that the Honorable John W. Broomes simply found that Cross' lawyers failed to make a pretext argument and did not actually find that defendant did not discriminate against her.  Plaintiff also argues that this evidence is admissible for background context (see discussion *supra* Section A).

The doctrine of issue preclusion prevents a party who has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit.  In re Corey, 583 F.3d 1249, 1251 (10th Cir. 2009).  Issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. Id.

On summary judgment in her previous litigation, Stuart v. City of Topeka, Kansas, No. 23-2021-JWB, 2024 WL 3741405, at *6 (D. Kan. Aug. 9, 2024), the Court mentioned the promotion ceremony only in the fact section.  Judge Broomes granted summary judgment to defendant on plaintiff's only claim—failure to promote to captain in 2021—and did not mention the ceremony in his discussion.  The decision to grant summary judgment was based on Cross failing to argue that she sufficiently showed pretext.  As Judge Broomes explained:

> The court declines to comb through over 30 pages of facts and search for potential evidence of pretext on Cross's behalf because **Plaintiffs failed to make specific arguments in response to Defendants' summary judgment.**  The court merely notes that although Cross has identified instances where she has been treated differently by other individuals and identified inappropriate remarks, **Cross has failed to argue that such evidence is sufficient to show pretext**.  And isolated comments or remarks are insufficient to show pretext unless they are tied to the decision.  See Antonio, 458 F.3d at 1184; Plotke v. White, 405 F.3d 1092, 1107 (10th Cir. 2005) (noting that, at the pretext stage, the plaintiff "simply must show a nexus between the allegedly discriminatory statements and the employer's decision.") Moreover, comments made by non-decision makers are not material to show pretext.  Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir.

1994).

> **In any event, Cross has wholly failed to show or make any argument that certain actions or statements by others show pretext for Wheeles' decision. Therefore, the court declines to consider this issue as it was not addressed by Cross. Antonio, 458 F.3d at 1184. The court finds that the City is entitled to summary judgment on Cross's claim of failure to promote to captain in 2021.**

Id. at *14 (emphasis added). The promotion ceremony was not essential to the previous summary judgment, since it concerned the failure to promote in 2021, not the eventual promotion ceremony in 2023, and Judge Broomes made no finding whether the ceremony was evidence of discrimination, pretext or anything else, since he relied on plaintiff's failure to make a pretext argument. Therefore, plaintiff is not precluded from introducing evidence of the promotion ceremony. The Court overrules defendant's motion on this issue.

**E.      Speculative Or Subjective Opinions Of Witnesses Without Proper Foundation**

Defendant requests that the Court order plaintiff's counsel not to seek any speculative or subjective opinions of witnesses without a proper foundation. Plaintiff does not object to this request. The Court sustains defendant's motion with the clarification that it applies to both parties.

**F.      Issues Or Claims Dismissed On Summary Judgment**

Defendant's motion is overruled as moot because the Court did not dismiss any issues or claims on summary judgment.

**G.      Testimony Or Opinion That Plaintiff Was "Harassed," "Discriminated" Against Or "Retaliated" Against**

Defendant moves to exclude all opinion evidence by plaintiff, plaintiff's counsel and plaintiff's witnesses that defendant "harassed," "discriminated" or "retaliated" against plaintiff. Plaintiff does not object, other than to argue that (1) under the right foundation, the City's human resources personnel should be allowed to opine on these points and (2) any such ruling should not apply to plaintiff's arguments in closing. The Court overrules defendant's motion with respect to

plaintiff's closing argument.  The Court defers ruling on the issue of whether HR personnel should be permitted to opine on the ultimate issues of retaliation and hostile work environment.  At this point it is not clear how the opinions of HR personnel would be relevant, and counsel shall approach the bench before seeking to elicit such testimony.

## H.    Incomplete Statements And Conclusions Made By Plaintiff

The Court overrules this motion.  If plaintiff introduces an incomplete statement or conclusion at trial, defendant can object, cross-examine plaintiff's witnesses and call its own witnesses to introduce the complete statement, fill perceived gaps and correct any misleading impressions.

## I.    Testimony Of Robby Mendez

The Court addresses this issue in Section III of plaintiff's motion below.  The Court overrules defendant's motion, since Mendez's testimony is relevant "me too" evidence.

## J.    Implications That Seeking Or Providing Legal Advice Is Evidence Of Fault Or Misconduct

Defendant moves to exclude testimony that implies or equates the seeking of legal advice to evidence of fault or misconduct.  As an example, defendant cites "plaintiff's contention that the investigator's consultation with her supervisor, the City Attorney, is evidence of retaliation." Defendant's Motion And Memorandum In Support Of Defendant's Motion In Limine (Doc. #107) at 7.  Defendant argues any such implication is highly prejudicial, likely to mislead and confuse the jury and purely speculative under Fed. R. Evid. 403 and 602.

Plaintiff notes that investigator Alicia Guerrero-Chavez worked within the City's legal department and reported to the City Attorney.  Guerrero-Chavez's interactions with the City Attorney form part of the factual background of this case because she consulted with the City Attorney about plaintiff's request to record the meeting with Guerrero-Chavez.  Based on her

discussion with the City Attorney, Guerrero-Chavez denied plaintiff's request to record. Plaintiff also intends to introduce evidence that the City Attorney had knowledge of plaintiff's sex discrimination lawsuit. All of this evidence is relevant to plaintiff's claim of retaliation for filing her first lawsuit. Defendant can elicit testimony from Guerrero-Chavez regarding her position and chain of command. Such evidence does not constitute evidence of fault or misconduct, is not prejudicial and is not likely to confuse the jury. The Court overrules defendant's motion.

**K.      Statements Or Implications Made Regarding The Substance Of The First Lawsuit**

Defendant moves to exclude references to the substance of plaintiff's previous lawsuit, arguing that that information is unduly prejudicial under Fed. R. Evid. 403, citing no caselaw. Specifically, defendant moves to exclude (1) the substance of plaintiff's first lawsuit; (2) allegations of fact from the first lawsuit; (3) the fact that other plaintiffs joined plaintiff's first lawsuit and (4) the jury verdict for the other two plaintiffs in the first lawsuit. Rule 403 is of course a fact-specific inquiry but considering the nature of plaintiff's current claims—that defendant retaliated against her for the previous action—at least some facts will have to be admitted. See discussion *supra* Sections A-D.

The Court sustains defendant's motion as to the previous jury verdict, which is unfairly prejudicial since it would strongly bias the jury to agree with the previous jury findings. The Court otherwise overrules defendant's motion. The substance of the lawsuit is admissible since retaliation under Title VII requires that plaintiff took a protected action (filing the sexual discrimination lawsuit). Some allegations of fact from the previous lawsuit and the fact that it involved multiple plaintiffs may be admissible, depending on whether those plaintiffs testify here. See discussion *supra* Sections A-D.

**Plaintiff's Motion In Limine (Doc. #108)**

**1.      Clarification Of Paragraph 14 Of The Court's Proposed Order In Limine**

Paragraph 14 of the Court's Proposed Order In Limine (Doc. #92-2) filed March 11, 2026,

prohibits any reference to another legal proceeding.   Plaintiff requests clarification on this

proposed order and correctly argues that for her retaliation claim under Title VII, 42 U.S.C.

§ 2000e, et seq., she must be able to show she engaged in protected activity by filing her first

charge of discrimination with the EEOC and then filing suit against defendant.  She also argues

that other evidence from the previous action must be admitted: (1) the timing of the depositions

from the previous case and the retaliatory investigation instigated right afterward, as evidence of

pretext, (2) plaintiff's past experiences, as admissible to show background, motive and intent and

(3) testimony by plaintiff's co-workers Jana Kizzar and Colleen Stuart to show defendant's

propensity for retaliating against officers.

Plaintiff does not mention any additional pieces of evidence that she would like to admit.

Generally, background evidence is frequently relevant because it makes plaintiff's evidence of the

decisionmaker's intent more or less likely.  Fassbender, 890 F.3d at 885 (collecting Tenth Circuit

cases holding that anecdotal evidence of other employees' discriminatory experiences may be

admitted if they "can somehow be tied to the employment actions disputed in the case at hand");

see also supra Sections A-D above.

Lacking details, it is not clear whether the evidence which plaintiff wants to admit is tied

to the retaliation action in the case at hand.  Based on plaintiff stating in her motion that she "cannot

tell her story without telling the whole story, including testimony by her co-workers Jana Kizzar

and Colleen Stuart about incidents they endured," it appears that plaintiff is going to try to relitigate

the previous action through her prior co-plaintiffs' testimony.  Plaintiff will not be permitted to

resurrect sex discrimination claims in this case because any probative value of evidence relating to sex discrimination is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury.  Fed. R. Evid. 403.  However, plaintiff will be permitted to provide limited evidence about her prior lawsuit to establish the first element of her retaliation claim—that she engaged in protected opposition to discrimination—and to provide background and context. See *supra* Sections A, K.

**2.      References To Defendant Being Unable To Pay A Large Verdict Or Have To Raise Taxes**

Plaintiff asks the Court to prevent any comment implying that defendant cannot satisfy a large verdict, would have difficulty paying a large verdict or would have to increase taxes if the jury awards a large verdict.  Defendant did not respond to this argument.  The Court sustains plaintiff's motion as unopposed and because such a statement would be irrelevant and unfairly prejudicial to plaintiff.

**3.      Evidence On Robby Mendez's Prior Convictions**

Plaintiff moves to exclude any mention of Robby Mendez's prior convictions.  Mendez is listed in plaintiff's witness list as a former TPD employee who will testify to experiencing similar retaliatory conduct by the City in response to protected activity, specifically the City using internal investigations for retaliation.  Specifically, he alleges that Alicia Guerrero-Chavez led tainted investigations against him in June of 2024 and March of 2025.

Defendant argues that Mendez's testimony should be barred as prohibited character evidence under Fed. R. Evid. 404(b)(1) or, in the alternative, that it should be able to introduce evidence of Mendez's previous forgery conviction since it involves dishonesty.  As noted above, in Part I of its motion, defendant also seeks to exclude all of Mendez's testimony.

Plaintiff argues that Mendez's testimony should come in as "me too" evidence.  Generally

speaking, "evidence that other employees belonging to the same protected class as the plaintiff were also discriminated against" may be admissible to support a plaintiff's claim that his or her supervisor engaged in intentional discrimination.  Isberner v. Walmart Inc., No. 20-2001, 2021 WL 4284540, at *3 (D. Kan. Sept. 21, 2021).  "Anecdotal evidence of discrimination should only be admitted if the prior incidences of alleged discrimination can somehow be tied to the employment actions disputed in the case at hand."  Stewart v. Adolph Coors Co., 217 F.3d 1285, 1289 (10th Cir. 2000).  In the context of age discrimination, the Supreme Court held that the question whether evidence of discrimination by other supervisors is relevant in an individual case is fact based and depends on many factors, including how closely-related the evidence is to plaintiff's circumstances and theory of the case.  Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008).

Plaintiff argues that Mendez should be allowed to testify because he is the same protected class as plaintiff—they both engaged in protected activity—and Guerrero-Chavez, who reported to the City Attorney, led tainted investigations against both of them because they engaged in that protected activity.  Defendant does not address plaintiff's "me too" evidence argument.  This evidence is admissible, since Mendez and plaintiff's claims are closely related in time (approximately a five month gap between the investigations in 2024) and are very closely related to plaintiff's circumstances and theory that the City weaponized investigations through Guerrero-Chavez and the City Attorney.

The Court sustains plaintiff's motion to exclude evidence of Mendez's prior convictions.  Under Rule 609(b) Fed. R. of Evid., his convictions and sentences ended over 10 years ago, and their probative value does not substantially outweigh the prejudicial effect if admitted.

**IT IS THEREFORE ORDERED** that Defendant's Motion And Memorandum In Support

-11-

-12-

Of Defendant's Motion In Limine (Doc. #107) filed April 13, 2026 is **SUSTAINED in part and OVERRULED in part.**

IT IS FURTHER ORDERED that Plaintiff's Motion In Limine (Doc. #108) filed April 13, 2026 is **SUSTAINED in part and OVERRULED in part.**

Dated this 29th day of April, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge